United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| MICHAEL HALE and ALLA HALE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| PAN AM RAILWAYS, INC., AMERICOLD | ) | 17-10855-NMG |
| LOGISTICS LLC and CRYO-TRANS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER

GORTON, J.

This case arises from an accident that occurred during the unloading of a railcar in February, 2015. Plaintiffs Michael and Alla Hale ("plaintiffs" or "the Hales") bring this action against Pan Am Railways, Inc. ("Pan Am"), Americold Logistics LLC ("Americold") and Cryo-Trans, Inc. ("Cryo-Trans") (collectively "defendants"), alleging that defendants were negligent in their operation of Railcar CRYX 5017 which caused Mr. Hale's injuries.

Pending before the Court are the motions to dismiss of defendants Pan Am and Cryo-Trans (Docket No. 18 and 20). For the following reasons, Pan Am's motion to dismiss will be denied but Cryo-Trans's motion to dismiss will be allowed.

-1-

## I. Background

Plaintiffs are Connecticut residents and Mr. Hale was an employee of C&S Wholesale Grocers ("C&S") at its facility in Hatfield, Massachusetts from 1996 until the time of the accident. C&S operates regional distribution centers where it receives food products and ships them to supermarkets and other retail stores.

Mr. Hale alleges that on February 3, 2015, he was instructed to unload Railcar CRYX 5017 which was loaded with pallets containing frozen tater tots shipped from Pittsburgh, Pennsylvania. Mr. Hale states that the railcar arrived and was rejected by C&S due to weight distribution issues. Because the car was unbalanced, it could not be moved and Mr. Hale and other employees of C&S were instructed to unload the railcar. During the process of unloading, several packages of frozen tater tots, weighing approximately 80 pounds, fell on Mr. Hale.

In the complaint, Mr. Hale details the injuries he suffered as a result of the incident, including injuries to both feet, requiring surgery, and injuries to his ankles, knees, neck and back. Mr. Hale also notes that he suffers from post traumatic stress disorder, has been unable to return to work and has been determined to be partially disabled.

Defendants Americold and Pan Am are Delaware corporations with their principal places of business in Atlanta, Georgia and

Billerica, Massachusetts, respectively.  Defendant Cryo-Trans is a Maryland corporation with its principal place of business in Maryland.

Plaintiffs filed this action in May, 2017, alleging that defendants were negligent in the operation of the railcar.  Ms. Hale brings a claim for loss of consortium against all defendants.  Defendant Americold filed its answer and cross-claims for contribution against Cryo-Trans and Pan Am in June, 2017.  Cryo-Trans and Pan Am separately moved to dismiss the complaint in July, 2017.  Americold and the Hales separately opposed those motions which are the subject of this memorandum.

## II. Defendant's Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### B. Analysis

#### 1. Interstate Commerce Commission Termination Act of 1995

Defendants Cryo-Trans and Pan Am move to dismiss the complaint on the basis that the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 10501, preempts the Hales' state law claims. They contend that the allegations in the complaint fall within the definition of "transportation by rail carriers" which, according to defendants, puts the

claims exclusively within the jurisdiction of the Surface Transportation Board ("STB").

The Hales suggest that the preemption argument of defendants Cryo-Trans and Pan Am is premature at the motion to dismiss stage. Plaintiffs also dispute the merits of that argument, contending that to defend a negligence suit would not unreasonably burden the companies' railroad operations and, therefore, this action does not fall within the jurisdiction of the ICCTA. In its opposition, Americold adds that the jurisdiction of the STB does not encompass personal injury or negligence actions and that Congress instead targeted economic and regulatory matters with its enactment of the ICCTA.

The ICCTA vests the STB with exclusive jurisdiction over

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State.

49 U.S.C. § 10501(b). Under the statutory scheme, the remedies provided by the ICCTA are exclusive "and preempt the remedies provided under federal or state law". Id.

When tasked with interpreting a statute containing language that expressly preempts state law, a court must define the scope

of that preemption by "identify[ing] the domain expressly preempted by that language". Medtronic, Inc. v. Lohr, 518 U.S. 470, 484 (1996) (citing Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947)).  Even where a federal statute completely preempts certain state law claims, the court must still determine "which claims are so preempted". Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 47 (1st Cir. 2008) (emphasis in original) (examining the scope of the ICCTA's preemption provision in the context of a common law nuisance claim removed from state court by the defendant).  The First Circuit Court of Appeals ("the First Circuit") has held that

> the critical question is whether federal law provides an exclusive substitute federal cause of action that a federal court (or possibly a federal agency) can employ for the kind of claim or wrong at issue.

Id.  In Fayard, the First Circuit determined that the ICCTA did not provide private redress for the kind of nuisance claims brought by the plaintiffs and that state nuisance law continues to apply to railroads. Id. at 48.  Because the ICCTA did not "automatically immunize[] railroads from state nuisance claims [or] provide a federal cause of action amounting to nuisance", complete preemption was not applicable and the state law claims could proceed in state court.

Pan Am and Cryo-Trans have not shown that the ICCTA immunizes them from negligence claims in personal injury actions

or that it provides a federal cause of action for those claims. Contrary to the moving defendants' suggestion, the application of Massachusetts negligence law in the instant case would not have the effect of displacing regulation of rail transportation. See e.g., Fla. East Coast Ry. Co. v. City of West Palm Beach, 266 F.3d 132, 1331 (11th Cir. 2001) (explaining that Congress "narrowly tailored the ICCTA pre-emption provision to displace only regulation, i.e., those state laws that may reasonably be said to have the effect of managing or governing rail transportation, while permitting the continued application of laws having a more remote or incidental effect on rail transportation").

Contrary to the contention of the moving defendants that the complaint implicates rail carrier's core operations, adjudication of the personal injury claim here will "address garden variety issues of negligence" and preemption is not appropriate. New England Cent. R.R., Inc. v. Springfield Terminal Ry. Co., 415 F. Supp. 2d 20, 27 (D. Mass. 2006); see also Elam v. Kansas City Southern Ry. Co., 635 F.3d 796, 813 (5th Cir. 2011) (holding that the plaintiff's simple negligence claim arising from a railway crossing accident were not preempted but finding that the ICCTA did preempt the negligence per se claim based on a state antiblocking statute); Watkins v. RJ Corman R.R., No. 08-cv-114, 2010 WL 1710203, at *3 (E.D. Ky.

Apr. 27, 2010) (finding that state law negligence and nuisance claims were not preempted because the relief sought by plaintiffs "would not implicate economic regulation of rail transportation"). The preemption provision of the ICCTA and, specifically, the lack of an express superseding federal claim dissuades this Court from concluding that Congress intended the ICCTA to completely preempt state tort claims such as those at hand. Trejo v. Union Pac. R. Co., No. 10-cv-00285, 2011 WL 309614, at *4 (E.D. Ark. July 14, 2008) (citing Medtronic, 518 U.S. at 487)).

Accordingly, Pan Am and Cryo-trans have not met their burden of showing that Mr. Hale's personal injury negligence claim is preempted by the ICCTA.

### 2. Negligence Claim

Cryo-Trans asserts that Counts III and IV of the complaint must be dismissed because plaintiffs fail to allege the essential elements of a negligence claim. Cryo-Trans suggests that plaintiffs do not allege that Cryo-Trans (1) owed a duty to Mr. Hale that it (2) breached thereby (3) causing his injuries. According to Cryo-Trans, the loss of consortium claim (Count IV) is dependent on the negligence claim (Count III) and must also fail. Mr. Hale responds that the complaint sufficiently alleges the required elements of a negligence claim and satisfies the notice pleading requirements of Fed. R. Civ. P. 8(a).

To succeed on a claim for negligence under Massachusetts law, a plaintiff must show that (1) the defendant owed a legal duty to the plaintiff, the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury and (4) the plaintiff suffered actual damage or injury. Go-Best Assets Ltd. v. Citizens Bank of Mass., 463 Mass. 50, 54 (2012) (quoting Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 (2009)). The existence of a duty is a question of law for the courts. Cottam v. CVS Pharm., 436 Mass. 316 (2002) (internal citation omitted). Absent a duty of care, "there can be no actionable negligence". Dhimos v. Cormier, 400 Mass. 504, 507 (1987).

Plaintiffs' allegations are insufficient to sustain a negligence action against Cryo-Trans. The complaint contains no facts from which the Court could determine that Cryo-Trans owed a duty to Mr. Hale and fails to state even basic facts such as Cryo-Trans's relationship to Mr. Hale or his employer, C&S, or Cryo-Trans's role in transporting, operating or loading Railcar CRYX 5017. Mr. Hale, therefore, does not plausibly allege that Cryo-Trans owed a duty to him or make clear how any duty of reasonable care was breached. See e.g., Williams v. Mass. Coll. Of Pharm. and Allied Health Sci., No. 12-10313, 2013 WL 1308621, at *7 (D. Mass. Mar. 31, 2013).

Although the facts in the complaint are construed in favor of the plaintiffs, the Court has insufficient information to

decide if, as a matter of law, Cryo-Trans owed a duty to Mr. Hale because the facts alleged do not permit the Court to determine the nature of the relationship.  Instead, the complaint simply states as a general proposition that Cryo-Trans is the owner, operator or entity responsible for loading, packing, packaging, shipping or transporting Railcar CRYX 5017 and that Cryo-Trans completed one or more of those various tasks negligently. See e.g., Agard v. Deutsche Bank Nat. Trust Co., No. 12-10472, 2012 WL 448906, at *2 (D. Mass. Oct. 2, 2012) (making clear that "[t]he mere use of the term 'negligent', without more, is insufficient to support a negligence claim"). Because the loss of consortium claim brought by Mrs. Hale is dependent on Mr. Hale's negligence claim, that count will also be dismissed without prejudice.

Accordingly, Cryo-Trans's motion to dismiss will be allowed without prejudice to plaintiffs amending their complaint.

### 3. Pan Am

Citing no law, Pan Am contends that it is not a proper party to this action because Pan Am is a parent holding company and is not a rail carrier providing any services cited by the Hales in the complaint.  The Hales rejoin that the motion to dismiss is not the proper vehicle to resolve this issue and state that they will add a Pan Am subsidiary if discovery in the case reveals that a subsidiary is a more appropriate defendant.

Plaintiffs allege that Pan Am negligently owned and operated Railcar CRYX 5017 and that, as a result of Pan Am's negligence, Mr. Hale sustained significant injuries. In considering a motion to dismiss, the Court must "accept as true all well-pleaded facts . . . and make all reasonable inferences in the plaintiff's favor". Boroian v. Mueller, 616 F.3d 60, 64 (1st Cir. 2010). Unlike the conclusory allegations against Cryo-Trans, the Hales allege specific facts supporting their negligence claim against Pan Am, including that C&S informed Pan Am about its concerns with the safety of Railcar CRYX 5017 due to its weight imbalance. The Hales also contend that the director of freight claims for Pan Am, Mark Ormond, rejected the return of the railcar and suggested that it be unloaded by fork lift or by hand.

Plaintiffs' complaint alleges a plausible entitlement to relief against Pan Am and the Court agrees that Pan Am's contention that it is not a proper party because it is simply a holding company and does not provide rail carrier services is premature and more appropriately reserved for a motion for summary judgment.

## ORDER

For the foregoing reasons, defendant Pan Am's motion to dismiss (Docket No. 18) is **DENIED** and defendant Cryo-Trans's motion to dismiss (Docket No. 20) is **ALLOWED.** Plaintiffs are permitted to file an amended complaint as to defendant Cryo-Trans, if at all, on or before Friday, April 20, 2018.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 30, 2018