UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL HALE and ALLA HALE, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: |
| | : | 1:17-cv-10855 NMG |
| v. | : | |
| | : | |
| PAN AM RAILWAYS, INC., | : | |
| AMERICOLD LOGISTICS, LLC, and, | : | |
| CRYO-TRANS, INC., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS, ALLA HALE'S AND MICHAEL HALE'S CONSOLIDATED
OPPOSITION TO THE DEFENDANT,
<u>CRYO-TRANS, INC.'S F.R.C.P. 54(b) REQUEST FOR ENTRY OF JUDGMENT</u>**

Now comes the plaintiffs, Alla and Michael Hale, and hereby respectfully request this Honorable Court deny the defendant, Cryo-Trans, Inc.'s, Request for Entry of Judgment pursuant to Fed.R.Civ.P. 54(b).

As grounds, the Hales state that Cryo-Trans has not made the showing required for entry a judgment pursuant to Fed.R.Civ.P. 54(b) and contends that the facts and circumstances of the instant matter militate against the entry of final judgment.

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief … or when multiple parties are involved, the court may direct final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). "Yet Rule 54(b) notwithstanding, there is a long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988). "It follows, then, that entry of judgment under the rule should

not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Id.* "Clearly the purpose of the rule is not to encourage broadly piecemeal appeals just because an appellant may be in a hurry." *Id.* Rather, the "Rule should be employed with great circumspection." *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.,* 568 F.3d 313, 318 n.3 (1st Cir. 2009). In short, "Rule 54(b) should be applied sparingly." *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012). The Rule is "designed to be used where the problem and circumstances are of exceptional nature, … in order to avoid some perceptible danger of hardship or injustice through delay which would be alleviated by immediate appeal." See *DeBarros v. Areas USA Boston, LLC,* U.S.D.C., D. Mass., C.A. No.: 18-cv-10265, Order on Plaintiff's Rule 54(b) Motion or for Certification for Appeal, Saylor, J. (2017) (a copy of which is attached hereto). "[O]verly generous use of [Rule] 54(b) … can create a minefield for litigants and appellate courts alike." *Nichols v. Cadle Co.,* 101 F.3d 1448, 1448 (1st Cir. 1996).

In *Spiegel*, the court set out factors as a guide to the determination of whether there is no just reason for delay. *Spiegel*, 843 F.2d at 43. Those factors are:

> (1) [T]he relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and, (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.,* 521 F.2d 360, 364 (3d Cir. 1975). "When making this determination, the court acts as a 'dispatcher,' deciding which final decision should be appealable immediately, keeping in mind the policy against

fragmentation of litigation." *See Thompson v. Worcester County Dist. Attorney*, U.S.D.C., D. Mass., C.A. No.: 10-cv-40125, Order on Defendant's Motion of Entry of Judgment under Rule 54(b), Hillman, J., (2013) (a copy of which is attached hereto). "Generally, this rule is invoked by the litigant against whom a motion is decided so that litigant can immediately pursue an appeal of the unfavorable decision." *Id.* citing *Shamley v. ITT Corp.,* 869 F.2d 167, 170 (2d Cir. 1989).

Here, the prevailing party on a motion to dismiss, its second such motion, Cryo-Trans, is seeking judgment pursuant to Rule 54(b).  The allowance of Cryo-Trans's second motion to dismiss was premised upon this Honorable Court's finding that the plaintiffs' amended complaint failed "to cure the defects of the original complaint by adding meaningful factual allegations…."  See Document 55.  Cryo-Trans's "Request for Entry of Judgment" (hereinafter the "Request"), pursuant to Rule 54(b) is, by virtue of that rule, a request for separate and final judgment.  The Request only states the asserted grounds therefor as being "the Court has now twice found that the plaintiffs have failed to state a claim upon which relief can be granted…."  See Document 64.  Thus, there is no argument in the defendant's request supporting any finding that there is no just reason for delay.

Cryo-Trans has failed to allege or argue a single point that would support the allowance of a final judgment pursuant to Rule 54(b).  There is no allegation or argument supporting that there is no just reason for delay or that there is some perceptible danger of hardship or injustice through delay which would be alleviated by immediate appeal. Cryo-Trans has made no proffer to this Court that would support a finding that the circumstances of this case are an exceptional nature or in any way outside the ordinary.

3

Here, as in *DeBarros* and *Thompson*, Cryo-Trans has "failed to demonstrate any unusual danger of hardship or injustice if separate judgment does not issue," *See DeBarros*, and has done less than the movant in *Thompson* by failing to state in its Request that there is no just reason for delay.  Additionally, the Hales assert that there is no evidence of any reason or basis for entry of separate and final judgment.

The Hales contend that the entry of final judgment, and therefore the forcing of an immediate appeal of the allowance of the motion to dismiss while the underlying litigation is still pending, and in fact prior to the inception of discovery, would be improper under Rule 54(b).  Discovery in the underlying matter may well unearth evidence that supports a claim against Cryo-Trans.  Additionally, developments in the underlying matter may moot any need for an appeal and/or discovery may portray the lack of any set of facts that would support a claim against Cryo-Trans.  At this stage, it is known that Cryo-Trans was the shipper of the rail car at issue, but the nature of that ownership and any agreements or contracts by and between Cryo-Trans and the other defendants that may or may not support liability against it are unknown as discovery has not yet commenced.  The Hales contends that at this point in the litigation, the entry of separate and final judgment for Cryo-Trans is premature and should be denied.

WHEREFORE, the plaintiffs, Alla and Michael Hale, respectfully requests this Honorable Court deny the defendant, Cryo-Trans, Inc.ø's, Request for Entry of Judgment pursuant to Rule 54(b) and award any other relief this Honorable Court deems meet and just.

        Respectfully submitted,
        Plaintiff,
        Alla Hale,
        By her attorneys,

        */s/ Douglas F. Hartman*

        Douglas F. Hartman, BBO# 642823
        HARTMAN LAW, P.C.
        One Boston Place
        201 Washington Street, 26th Floor
        Boston, Massachusetts 02108
        P:  617-807-0091
        F:  617-507-8334
        dhartman@hartmanlawpc.com

        Michael Hale,

        /s/ Andrew E. Goloboy

        Ronald W. Dunbar, Jr., BBO#567023
        Andrew E. Goloboy, BBO#663514
        DUNBAR GOLOBOY LLP
        197 Portland Street, 5th Floor
        Boston, MA 02114
        (617)244-3550
        dunbar@dunbarlawpc.com
        goloboy@dunbarlawpc.com

/s/ Steven R. Whitman

Steven R. Whitman, Esq., BBO# 526470
Law Offices of Steven R. Whitman
197 Portland Street, Fifth Floor
Boston, MA 02114
(617) 227-8118
swhitman@whitmanlaw.com

Dated: September 26, 2018

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served, by first-class mail, postage prepaid, to those indicated as non-registered participants on the above date.

/s/ Andrew E. Goloboy

Andrew E. Goloboy, Esquire
Dated: September 26, 2018