UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL HALE and ALLA HALE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 17-10855-NMG |
| PAN AM RAILWAYS, INC., | ) | |
| AMERICOLD LOGISTICS LLC, | ) | |
| and CRYO-TRANS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION ON DEFENDANT
## <u>CRYO-TRANS' MOTION FOR ENTRY OF SEPARATE JUDGMENT</u>

March 25, 2019

DEIN, U.S.M.J.

### I.  <u>INTRODUCTION</u>

Plaintiffs Michael Hale and Alla Hale brought this action against Pan Am Railways, Inc.

("Pan Am"), Americold Logistics LLC ("Americold") and Cryo-Trans, Inc. ("Cryo-Trans")

(collectively, "defendants"), alleging negligent operation of a railcar that led to an accident

which significantly injured Mr. Hale.  (See Docket No. 45 ("Amended Complaint") ¶¶ 18, 21, 24,

33).  These injuries allegedly prevented him from returning to work and caused him to become

partially disabled.  (Id. ¶ 18).  Mrs. Hale asserts a claim for loss of consortium as a result of her

husband's injuries.  (Id. ¶ 36).

The alleged accident occurred in the course of Mr. Hale's employment at C&S Wholesale

Grocers ("C&S").  (See id. ¶ 8).  Mr. Hale alleges that on February 3, 2015 he was instructed to

unload a railcar due to possible weight distribution issues. (Id. ¶¶ 9, 15-16). While he was unloading the railcar, a pallet containing several boxes of tater tots weighing over 80 pounds fell on him. (Id. ¶ 17). According to the Amended Complaint, Cryo-Trans was the "owner and/or operator" of the railcar in question. (Id. ¶ 28). Americold was responsible for originally loading the railcar. (See id. ¶¶ 10, 28). Pan Am was the party that apparently instructed C&S to unload the railcar, despite being informed that there were concerns about weight imbalance. (See id. ¶¶ 13-15).

Americold filed cross-claims for contribution against Cryo-Trans and Pan Am. (See Docket No. 17). Subsequently, Cryo-Trans filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing, inter alia, that the Complaint failed to allege that Cryo-Trans owed a duty to Mr. Hale or to explain the nature of its role in transporting, operating, or loading the railcar. (See Docket No. 20; Docket No. 21 at 4). Cryo-Trans's motion to dismiss was granted. (See Docket No. 43). The plaintiffs subsequently filed an Amended Complaint. Cryo-Trans again moved to dismiss the Amended Complaint and the motion was granted. (See Docket No. 55). In its order, the court concluded that the Amended Complaint "fails to cure the defects of the original complaint by adding meaningful factual allegations." (Id.).

This matter is presently before the court on Cryo-Trans's "Request for Entry of Judg-ment" (Docket No. 64), by which Cryo-Trans seeks an entry of final and separate judgment in its favor under Fed. R. Civ. P. 54(b) and 58(d). In support of its motion, Cryo-Trans relies entirely on the fact that it has prevailed on two motions to dismiss. For the reasons detailed herein, this court recommends that the motion be DENIED WITHOUT PREJUDICE.

## II.  ANALYSIS

### Standard of Review

The purpose of Rule 54(b) is "to allow an immediate appeal from that judgment in situations where, otherwise, a party would have to await a final judgment adjudicating all claims between all the parties in an action, and, because of such delay and the inability to appeal, the party would suffer a hardship."  Chapman v. Bernard's Inc., 198 F.R.D. 575, 579 (D. Mass. 2001) (quoting Sullivan v. Bankhead Enters., Inc., 108 F.R.D. 378, 381 (D. Mass. 1985)).  As the First Circuit has summarized, the standard to be applied for a motion for entry of separate judgment is as follows:

> Rule 54(b) permits a district court in cases involving multiple claims or parties, to direct entry of final judgment "as to one or more, but fewer than all, claims or parties" if it "expressly determines that there is no just reason for delay." Review of such a certification comprises two steps.  We first ask "whether the judgment has the requisite aspects of finality." [*Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988)]....  We then scrutinize the determination that there is no just reason for delay.  In doing so, we examine "the sufficiency of the district court's assessments of (1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review."  *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996).

Niemic v. Galas, 286 F. App'x. 738, 739 (1st Cir. 2008).  Generally speaking, "piecemeal appeals are disfavored" and "Rule 54(b) should be employed with great circumspection."  Gonzalez Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 318 n.3 (1st Cir. 2009).  Accordingly, a certification pursuant to Rule 54(b) is not appropriate "except where the trial court's ruling disposes completely of all claims against a given defendant[,] . . . where the overlap among various legal and factual issues is minimal and where the equities strongly favor immediate,

partial judgment."  Gallagher v. Park West Bank & Trust Co., 951 F. Supp. 10, 15 (D. Mass. 1997).

### Finality of Judgment

"To qualify as final, a ruling must 'dispose[] completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally.'" Nystedt v. Nigro, 700 F.3d 25, 29 (1st Cir. 2012) (alteration in original) (quoting Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994)).  If "an asserted claim is merely partially adjudicated, leaving unadjudicated related claims that largely depend on the same facts or as to which the factual differences are minor, the several factually related claims are not 'genuinely separate claims' and such a ruling should not be certified as a final judgment under rule 54(b)."  Long v. Wickett, 50 Mass. App. Ct. 380, 391, 737 N.E.2d 885, 897 (2000) (citation omitted) (discussing Massachusetts analog to Fed. R. Civ. P. 54(b)).  When determining whether judgment is final, the court may consider the presence or absence of a claim or counterclaim.  Darr v. Muratore, 8 F.3d 854, 862 n.10 (1st Cir. 1993).

Here, the plaintiffs' claim against Cryo-Trans has been dismissed and Americold's cross-claim for contribution against Cryo-Trans does not set forth additional allegations beyond those found in the Amended Complaint. (See Docket No. 17).  Nonetheless, Americold's cross-claim against Cryo-Trans still stands, and the facts that will determine if Americold is entitled to any contribution from Cryo-Trans are very much intertwined with the factual issues involved in the plaintiffs' underlying claims.  At this time, Cryo-Trans has not yet sought to have Americold's cross-claim dismissed.  Accordingly, on this basis alone, Cryo-Trans's motion is premature.

**No Just Reason for Delay**

Separate from the finality inquiry, this court also examines whether there is no just reason to delay entry of final judgment.  A determination whether there is no just reason for delay requires a case-specific assessment of the litigation as a whole.  Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988).  The court must balance the "interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims," as well as "any equities and efficiencies implicated by the requested piecemeal review."  Niemic, 286 F. App'x at 739 (internal quotations and citation omitted).

As previously stated, Americold's cross-claim against Cryo-Trans has not yet been dismissed and the merits of that cross-claim and the plaintiffs' dismissed claim are unquestionably interrelated.  Cryo-Trans may have factual information relevant to the railcar's ownership and transport issues.  Additionally, at a hearing before this court on February 1, 2019, the plaintiffs indicated that the contractual relationships between the defendants are not yet fully understood, and will be fully explained during discovery.  In light of the substantial "overlap among the various legal and factual issues involved in the dismissed and the pending claims," the entry of separate judgment is not warranted at this time.  See id.

Moreover, the entry of separate judgment could trigger the piecemeal appeals which the courts seek to avoid.  The plaintiff has indicated that he might have to appeal the dismissal at this stage if separate judgment enters.  It would be more efficient to reevaluate the situation after some relevant discovery has been completed.

### III. __CONCLUSION__

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Cryo-Trans's "Request for Entry of Judgment" (Docket No. 64) be DENIED WITHOUT PREJUDICE.[1]

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days after being served with this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).