**United States District Court**
**District of Massachusetts**

```
_____     )
                                  )
Michael Hale and Alla Hale,       )
                                  )
         Plaintiffs,              )
                                  )
         v.                       )     Civil Action No.
                                  )     17-10855-NMG
Pan Am Railways, Inc. et al,      )
                                  )
         Defendants.              )
_____     )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arose from an accident that occurred during the unloading of a railcar in February, 2015.  Plaintiffs Michael and Alla Hale ("plaintiffs" or "the Hales") bring this action against Pan Am Railways, Inc. ("Pan Am"), Americold Logistics LLC ("Americold") and Cryo-Trans, Inc. ("Cryo-Trans") (collectively "defendants") alleging that defendants were negligent with respect to their involvement with Railcar CRYX 5017 ("Railcar 5017" or "the railcar") which caused Mr. Hale's injuries.  Pending before the Court is the motion of Pan Am for summary judgment.  For the following reasons that motion will be denied.

Also pending before the Court are two motions to Approve Third Party Settlement with plaintiffs by Americold Logistics

-1-

and the Hales.  For the reasons set forth at the hearing held on
March 13, 2020, those motions will be allowed.

### I.   **Background**

#### A. Facts

The facts of this case have been previously recited by this
Court. <u>See</u> Docket No. 43.  For the sake of completeness,
however, the Court will recount certain of them here.

Plaintiffs are Connecticut residents.  Mr. Hale was an
employee of C&S at its facility in Hatfield, Massachusetts from
1996 until the time of the accident.  C&S operates regional
distribution centers where it receives food products and ships
them to supermarkets and other retail stores.  Mr. Hale alleges
that on February 3, 2015, he was instructed to unload Railcar
CRYX 5017 which was loaded with pallets containing frozen tater
tots shipped from Pittsburgh, Pennsylvania.

Mr.  Hale alleges that Pan Am was aware that Americold was
packing railcars in an unsafe manner and Pan Am had begun
unsealing and spot-checking certain cars prior to delivery to
C&S.  Mr. Hale contends that the railcar arrived and was
rejected by C&S due to weight distribution issues.  He claims
that after a C&S employee determined that Railcar 5017 was
unsafe to unload, C&S notified Pan Am that it would reject the
railcar and refuse to unload it due to safety concerns.  He

avers that in violation of applicable company policy, Pan Am refused to remove or inspect the railcar.

According to Mr. Hale, after some discussions between the relevant parties, it was apparently determined that C&S would unload the railcar pursuant to certain suggestions proffered by Pan Am.  During the process of unloading, several packages of frozen tater tots, weighing approximately 80 pounds, fell on Mr. Hale.

Pan Am maintains that it did, in fact, inspect the railcar in Mechanicsville, PA, before it arrived and found no observable exterior defects.  Pan Am also disputes the circumstances that lead to C&S unloading the railcar.

In the complaint, Mr. Hale details the injuries he suffered as a result of the incident, including injuries to both feet, requiring surgery, and injuries to his ankles, knees, neck and back.  Mr. Hale also notes that he suffers from post traumatic stress disorder, has been unable to return to work and has been determined to be partially disabled.

**B. Procedural History**

Plaintiffs filed this action in May, 2017, alleging that defendants were negligent in the operation of the railcar.  Ms. Hale brings a claim for loss of consortium against all defendants.

In March, 2018, this Court denied Pan Am's motion to dismiss but allowed Cryo-Trans's motion to dismiss. Subsequently, the Hales filed an amended complaint against Cryo-Trans which that defendant again moved to dismiss. The Court allowed that second motion in July, 2018.

In February, 2020, the Hales reported that they had reached a settlement with Americold and the parties filed a motion to approve that settlement pursuant to M.G.L. c. § 152. In March, 2020, this Court held a hearing, required by that statute to assure the fairness of the settlement. After hearing from the relevant parties, the Court found the settlement to be fair.

## II. __Motion for Summary Judgment__

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Analysis**

Pan Am asserts that because Car 5017 was sealed and without visible exterior defects when it was delivered, as a matter of law it owes no duty to Mr. Hale and is not responsible for his injuries.  In support, Pan Am, in a cursory filing, points principally to a 1967 case from the Fourth Circuit Court of Appeals, Casella v. Norfolk & W. Ry. Co, 381 F.2d 473 (4th Cir.

1967) which relies on a New York Court of Appeals case decided in 1914.  In _Casella_, the Court applied the law of New York and held that a railroad is not liable when a consignee is injured by falling contents immediately upon opening a sealed railcar if the defect was not observable from the exterior of the car and the railroad did not have actual knowledge of the danger presented by the railcar. _Id._ at 476.

For a number of reasons, that case and other consistent cases cited by the plaintiff are inapplicable and Pan Am's assertion that it did not owe a duty to the plaintiff as a matter of law is erroneous.  First, this case is governed by the law of Massachusetts and relevant precedent in the First Circuit.  Defendant has cited no case law from this Circuit or Massachusetts and has not pointed to a single case decided in the past 50 years to support its argument.  Second, the rule articulated in _Casella_ requires that to be free from liability a railroad must not have actual knowledge of the danger posed. Mr. Hale alleges that Pan Am had actual knowledge of (1) the dangerous condition of Railcar 5017 and (2) Americold's failure to pack railcars properly.

As the _Casella_ court noted, it would not have reached the same conclusion with respect to liability had the railroad been aware that the packing company's loading practices were deficient. _Id._ at 478 (noting that "[i]f the railroad had been

-6-

aware that [the packaging company's] loading practices were
dangerously deficient, we would have a different case").  As
previously recounted, Hale maintains that (1) Pan Am knew
Americold was improperly packing railcars; (2) Railcar 5017 was
packaged in an unsafe manner; (3) C&S rejected the railcar and
informed Pan Am of its rejection due to unsafe conditions; (4)
Pan Am refused to take back the car and (5) Pan Am instructed
C&S to unload the car using a procedure that was in
contravention of its stated policy.  Those facts suggest that
Pan Am owed Hale a duty of care.  The rule articulated in
Casella and other purportedly consistent caselaw cited by the
plaintiff is inapposite.

Viewing the record in the light most favorable to the
Hales, there exist genuine issues of material fact and Pan Am
has not met its burden of demonstrating that it is entitled to
judgment as a matter of law.

**ORDER**

For the foregoing reasons, Pan Am's Motion for Summary Judgment (Docket No. 119) is **DENIED**.  For the reasons set forth at the settlement approval hearing, the Motions to Approve Third Party Settlement (Docket Nos. 134 & 135) are **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: August 5, 2020